May it please the Court, Anne Huster, representing Darius Chaney. The ACCA enhancement attached to Darius Chaney's unlawful 922G conviction added at least 30 months to his sentence for the carjacking count in Count 1. Under United States v. Hillary, the most appropriate remedy for the unlawful 922G conviction was a re-sentencing on Count 1, and the government agrees that this remedy was within the district court's discretion. But three pieces of information demonstrate that the court didn't understand the scope of its discretion. First of all, a misunderstanding about the scope of the court's discretion is the only plausible explanation for the district court's decision because this case is a poster child for the sentencing package doctrine. No one disputes that the ACCA enhancement determined the sentence on the count, but the reasons for denying a re-sentencing on Count 1, which were the statute of limitations and cognizability, make clear that it didn't think that it could re-sentence Chaney on Count 1 unless his direct Simmons challenge to that count succeeded. And finally, the district court's later ruling in the Springs case demonstrates that if this district court understood the scope of its discretion, it probably would have re-sentenced Chaney on Count 1. Springs was a Johnson case. The court vacated the ACCA sentence, and it ordered re-sentencing because the guideline range for the remaining counts was based on ACCA. So under Ajan v. United States and United States v. Herder, if the court makes ambiguous statements about the scope of its discretion, this court must remand to the district court for an exercise of discretion. At the very least, the record here is ambiguous about whether the court understood the scope of its discretion. In Ajan, the Sixth Circuit remanded when it was unclear whether the court had understood its discretion to re-sentence on the remaining convictions after vacating one count of conviction under Section 922, under Section 2255. And in United States v. Herder, this court remanded when the district court's statements were vague about whether it understood its discretion to sentence outside the crack cocaine sentencing guidelines. Let me ask you some preliminary questions before you get too far down the road. The Certificate of Appealability is to the question of the denial of a petition as procedurally barred. And so when I read your opening brief, it was hard for me to decipher exactly where in there you addressed that. Well, the Certificate of Appealability, as the government explains in its brief under United States v. Herder, that requirement doesn't apply when the petitioner is appealing the grant of his 2255 motion and the relief ordered by the court along with that grant. So under United States v. Herder... Well, that kind of takes you then into the question of whether or not the appeal was filed on time. Right. And Herder doesn't apply in that situation because the statute and the rule are clear about when petitioners are supposed to file appeals in 2255 claims. By statute and by rule, Cheney properly filed his notice of appeal within 60 days under Rule 4A. Section 2255D determines this because it provides that prisoners were appealing a final habeas corpus judgment. Could you address our Haddon opinion? In other words, if I understand Haddon, is that if the court grants a 2255 and then enters a new judgment, sentencing judgment, which it did in this case. There was a judgment entered on January 31, 2017. Then the time for appealing that criminal judgment is governed by the criminal rules, not civil rules. Actually, that's not what Haddon holds. Haddon says nothing about the time for appealing a judgment under 2255. It talks about when a new criminal judgment is entered. Then you are governed by the criminal rules and not by the civil rules. Well, it talks about whether the certificate of appealability requirement applies when a petitioner is appealing the criminal nature of the hybrid 2255 judgment. But it doesn't address the timing requirement under 2255D and under the rules governing Section 2255 cases. Haddon distinguishes in the 2255 situation between the relief a court may or may not grant in terms of adjudicating the issues, the claims in the 2255 and designates that as a civil proceeding from any order of actual relief in terms of a sentence, which Haddon designates as a criminal proceeding. No, as far as the proceeding, it consistently says that the proceeding is hybrid. It never calls it a criminal proceeding. But again, the court has to start with the statute that applies to the timing for filing an appeal in this case. There's a statute and there's a rule that apply to it. Let me read you what the court said verbatim. If the petitioner seeks to appeal the order by challenging the relief granted, whether the relief was appropriate, whether the new sentence was in conformity with the sentencing guidelines, he's appealing a new criminal sentence. So here you have two separate orders. You have one order that was entered at 145 of the 2255 motion and a separate order entered a week later the next page of the appendix that's in the amended judgment in a criminal case. That would seem to fit exactly with the distinction the court makes in Haddon. Well, it fits in the context of the certificate of appealability, but the court is dealing with an entirely different statute when it's talking about... So you say Haddon has limited the certificates of appealability, end of story. That's exactly what I'm saying because there is a statute and a rule that specifically apply to the timing for filing an appeal. Except when the court grants a 2255 to the extent that it vacates the judgment and enters a new judgment. If you're going to challenge that whole judgment instead of part of it. The court stuck with its sentence on the original judgment and just granted part of it. But this is what Haddon said too in another place. To the extent that the order vacates the original sentence and enters a new criminal sentence, by contrast, the order is part of the prisoner's criminal case. And accordingly, a prisoner's appeal of that aspect of the order is part of the petitioner's criminal case. I don't know how you get around that myself. Well, I think, and this was even pointed out in the previous argument, that the court has to start with the statute that applies here. And there are two. Because the court in Haddon was interpreting 2253 and 2255. But here, the question is the timing. And that's an entirely different consideration. Haddon, the court was very concerned about the purpose of 2253 to prevent frivolous appeals, frivolous habeas actions in cases that had already been considered once. And it was very important to the court that this was a new criminal judgment that the defendant had never had an opportunity to appeal before. Those concerns don't apply here. We're talking about 2255D, which says that prisoners are allowed to appeal as if they were appealing a final habeas corpus judgment, which is a civil case that Appellate Rule 4A applies to. But if that's not enough by itself, there's Rule 11B of the Rules Governing 2255 cases, which the Supreme Court adopted and sent to Congress. And that rule expressly provides that 4A governs the time to appeal in an order entered under Section 2255. The language could not be more clear. Well, that presupposes that the amended criminal judgment is under 2255 as a civil proceeding as opposed to a criminal proceeding. And that seems to be contrary to what the court set out in Haddon. No, it's not. The court in Haddon never denies that this is still a hybrid proceeding. It's a hybrid proceeding, but it says, if the petitioner seeks to appeal matters relating to the propriety of the relief granted, he is appealing a new criminal sentence. That's, it seems to me. That's correct. And it said it two or three times in the opinion. And it's hybrid because to get that relief, he had to go through the 2255 process. But now you got the relief, and in entering the relief, the court entered a new criminal judgment, which is what you're appealing. Actually, we did not appeal the criminal judgment. We appealed the order in the civil case. And it's different from Haddon. Except that's the relief granted. That's what Haddon said. If the relief granted vacates the judgment and enters a new judgment, then the appeal is in the criminal case. That is what Haddon says, and that applies with respect to the certificate of appealability. But Haddon can't undo the clear statutory language of 2255D, and it can't undo the Supreme Court's rule and the rules governing cases. Well, this goes back to Andrews. Supreme Court case of Andrews, right? Well, Andrews doesn't really have any application here because unlike in Haddon where there was a 2255 order entered that contemplated some future resentencing, that's not the case here. The court said everything it was going to say in the 2255 case. There was nothing remaining to be done. It said what it was going to do. It simultaneously entered a judgment putting that into effect. So the action of entering the judgment in the criminal case was just ministerial. It wasn't any further action of the 2255 nor Rule 11B distinguished between orders granting relief and orders denying relief. And surely if the Supreme Court in Congress had intended for that to happen, they would have said so. And furthermore, it's been 11 years since Haddon was decided. No court has ever interpreted Haddon to require, has never interpreted 2255 or Rule 11B to require filing a notice of appeal within 14 days under Rule 4B. Has it ever been raised? I can't answer that question, but it's certainly never been decided. No court ever. So how would this petitioner have any idea? Well, they would have decided it if the issue was raised and they decided it in conformity with what you proposed the rule to be. They could have, but no court would advocate that it's an issue that hasn't been raised. Okay. Well, if that's true, then this court should exercise its discretion to relax the rule. If the criminal rule in 4B applies, it's not jurisdictional and this court has, the Supreme Court has said, this court has the discretion to relax that rule in the interest of justice. This certainly would be a case where that should happen because the defendant has no notice. The rule seems clear. No court in the nation has ever imposed this 14 day time limit under these circumstances. He was relying on the advice of counsel in filing his notice of appeal when he did, and there's certainly no prejudice to the government from him filing it 45, 46 days later. I would like to go on to address the appeal waiver. The appeal waiver doesn't apply to the issue of whether the court abused its discretion in selecting a remedy for Chaney's successful challenge to his 922G conviction. There can't be any real dispute that if Chaney had only challenged his 922G conviction and not the other sentences, the waiver would not apply to an appeal contesting the relief granted. The fact that he launched an appeal, the government expressly waived its right to assert the appeal waiver in relation to Chaney's claim challenging his 922G conviction, and regardless of the government's position on the waiver, this actual innocence claim is outside of the scope of the waiver anyway under law. Furthermore, the government... An actual innocence to what? To the 922G conviction. He was actually granted relief, yes, but he didn't... I mean, the conviction and sentence with respect to that charge was vacated. It was. But he also didn't waive his right to full relief from the 922G. Well, my point was the actual innocence only went to the 922G for which he'd gotten full relief. Well, is that true, though? Because what if he had just filed a 922G claim and still had these other pending sentences and the government waived the waiver with respect to that? No one would say that he can't then appeal the relief granted because it's outside the scope of the appeal waiver. The same should apply here, and in fact, the government concedes... Well, that goes to your waiver argument, not to actual innocence. That was my point. Okay, well, I'm talking about the scope of the waiver with respect to the relief that he was entitled to. The government concedes the district court had the discretion... I mean, the court... I mean, the government didn't intend to waive its waiver argument except with respect to this limited 922G, right? That's what their position was. That's correct, and they've conceded... And so it was not a case where they're waiving anything because it has to be knowing. They're waiving a limited waiver as to 922G, and you're arguing that we should not give effect to the limitation on their waiver but have them waive everything. Is that what I understand? No, my argument is... Okay, I misunderstood then. My argument is they have waived the waiver with respect to his 922G claim, which they had to do because by operation law... Well, regardless of whether they had to, they did. They did, and that the relief... So as they concede, the district court had the discretion to re-sentence Cheney on the remaining counts as part of the relief for that 922G conviction despite the appeal waiver as part of the remedy when the court vacated the 922G conviction. The government concedes that despite the existence of a waiver, the district court had that authority to do that, to order the re-sentencing. So they can't now assert a waiver that they admit did not apply to this issue in the district court. And the district court's decision in Hunter is particularly relevant there where the court said that the government had waived the waiver because they said it doesn't make any sense to say the provision would not preclude the 2255 motion itself but would preclude an appeal of a possibly erroneous district court disposition of the motion. The same is true here. I see I've run out of time. I thank the court. Thank you. Mr. Enright. Thank you, Your Honor. May it please the court. Anthony Enright for the United States. This court should dismiss this appeal for a couple of reasons. The first, because it's untimely. I heard Cheney's counsel I believe concede that this appeal raises the issue that Haddon Held was not subject to a certificate of appealability requirement because it is an appeal of a criminal case. Haddon says it's a hybrid. Haddon says it's a hybrid and so to determine whether what you're appealing is an appeal of a criminal case or an appeal of a final order in a 2255 case, you look at the nature of the claim. No, you don't have to. I already told you the answer is it's a hybrid. That's not a furtherance of an inquiry. That is a determination. It's a hybrid. And then it goes on, as Judge A.G. Apley says, when it deals with the sentence, it's criminal in nature. Then it really explains why it's hybrid. It's hybrid because you have to go through 922 process to go through it, get there, and then on the other end it is talking about a new sentence. But the answer is, in the middle, it's hybrid. And therefore, in that case, the very rule of lenity itself, you apply the least restrictive statute of limitations, which would be the one that you would use ordinarily in 60 days as opposed to the one in criminal. It's hybrid, isn't it? Well, Your Honor, I don't believe so. Haddon said that a final disposition of 2255 is part of the 2255 case. And that's why it's moved on after saying it's a hybrid. It said, you look at the nature of the challenge. And the quote is, if you're challenging whether the relief that was ordered with respect to a vacated conviction was an appropriate form of relief, which is exactly what Mr. Cheney is alleging here, then that is an order in a criminal case. And that is why it's not subject to the 2253 restrictions on final orders in a 2255 case. What I think the defendant cannot have is have it both ways. If he is appealing a final order in a 2255 case, then it is subject to a COA requirement. Ms. Hester argues that Haddon is, I don't know if it's a fact-specific, but that it's limited to the circumstances of that case, which is a certificate of appealability and it doesn't have application outside of that context. So what's your answer to that? I don't believe so, Your Honor. The rule of decision both announced and applied by Haddon is that an appeal of this nature is an appeal in a criminal case. And that rule of decision was informed by some, in addition to the statutory language, in addition to the Andrews decision, some policy concerns. But that was the decision that it reached. And if you're appealing an order in a criminal case and you're not subject to the COA requirement because you're not appealing an order in a 2255 case, then that rule of decision isn't limited to just those circumstances. There's no order in a 2255 case only for purposes of the COA requirement. The text doesn't support that. Any final order in a 2255 case requires a certificate of appealability embracing the specific issue raised in the appeal. And that is not present here. And Haddon holds that that is not available here because it doesn't raise a constitutional issue. But then if it's criminal, then it would be declaimed then because it's ineffective assistance because then it's criminal. It's just like it would be in the normal situation of an original sentence that you missed this appeal time, wouldn't it? Then we'd come back on a collateral attack on that, wouldn't we? There are some implications  to the extent... We'll see you in another vein coming back. And you would agree that because your argument is that it had to be filed with the earliest statute of limitations, right? Yes, Your Honor. An appeal in a criminal case. And you would say counsel should have known that, right? I would say counsel relied on Haddon and they're obligated to follow the rules. But counsel should have known that you think Haddon is so clear that a counsel should have known it, right? Yes, Your Honor. Okay. There would be a position of the government, right? If someone brought an IAC claim. Certainly. Well, Your Honor, I'm a little bit uncertain how IAC would play in this circumstance. I'm not particularly prepared for it, but I... Well, I guess the argument... You can't have it both ways either. I guess the argument would be there'd be a 2255 on this criminal judgment. And the 2255 would argue that I had the ineffective assistance of counsel in not pursuing this judgment correctly. That is possible, Your Honor. And so then we'd have to face that question at the appropriate time, I suppose. Yes, I can say I think it's unlikely that I would be arguing in a 2255 case that the reason IAC doesn't apply is because this wasn't actually an appeal of a criminal judgment. I do think that is the rule of decision established by Haddon that it applies across the board. If you're raising this kind of issue, it's an appeal of a criminal judgment. But it wasn't dealing with what statute of limitations to apply, though. Haddon was not dealing with it. Exactly. It was not. But if the defendant is not required to obtain a certificate of appealability because the issue is a matter of an appeal of a criminal sentence, then it is required to follow the rules that attach to an appeal of a criminal sentence, which includes the 14-day statute of limitations. And under your view of the case, a certificate of appealability was not required. Correct, Your Honor. A certificate of appealability was not required. You did not get one on a criminal sentence. Correct, Your Honor. Correct, Your Honor. I also want to address the plea agreement. I thought we were pretty clear. On page 1 of our response to the 2255 motion, we say the United States opposes Petitioner's request for a resentencing hearing because even if the statute of limitations were waived, Petitioner has waived his right to collaterally challenge his convictions or sentence in his plea agreement with the government. And the government does not waive its right to enforce the waiver. Now, we didn't assert... You conceded the 922G error, right? Yes, we conceded that that conviction and the sentence for that conviction should be vacated, but we were pretty unequivocal that... That's the stream of consciousness that he has. That's a part of the relief, isn't it? Not only just to strike the conviction, but also everything that underpins it, that was based upon that, that impacted the sentence. That's the whole... You can't, in the midstream, say, oh yeah, we meant just... The waiver is okay just to get for the record for that, but anything further... But this is the stream of consciousness of that relief. It'd be different to say, oh, now we're in here, now we're going to go out for another provisional, another conviction. That's different. This is inextricably tied to the relief that you conceded that was required in the 922G, didn't it? I don't see how you can... No, Your Honor. What we conceded was that the 922G needed to be vacated. That eliminates the actual innocence issue and sentence for that specific thing. We were very clear that we were not... But the sentence, as we said before, it's the whole... As I said, it's the package. We always say that, because you can't have it both ways. You go back and say, well, the court can look at the whole thing now, so re-sentence. Many times, people, they want to come in, do the same thing you're doing. I want a pigeonhole, just come in, get a relief. No, we say no, the court now can look at the whole aspect of it. Your Honor. The court does accept the sentencing package doctrine, and we don't have any quarrel with it. The reason we framed our response this way, and the reason the district court framed its order this way, is because what the defendant argued was, first, my 922G conviction is invalid, and that's a miscarriage of justice. Second, this is the defense counsel's... This is the defendant entitled to be re-sentenced because of errors in the sentence he received on the remaining counts. And when it's framed that way, a reasonable response is to say yes as to the first argument, no as to the second. Well, if I understand Judge Gregory's question, though, it is that you have waived any waiver with respect to the 922G relief, right? Yes, Your Honor. Okay, so the court could have, I suppose, in its discretion, reduced only the 922G, but it also could have, in giving the relief on 922G, vacated the entire judgment and re-sentenced, couldn't it? The court could have exercised its discretion to do that. Yes, Your Honor. And so as to that, you wouldn't have a waiver then, because that still is encompassed within the scope of the 922G relief. Probably not, Your Honor, or perhaps not, Your Honor, if that issue were raised in the district court. Here it's being raised for the first time, the sentence package doctrine, in this proceeding, which is a new proceeding. And this is the first time we've had the opportunity to consider that argument and decide whether to assert a waiver or not. Our assertion of the waiver in this appeal is consistent with our assertion of the waiver before the district court. Your argument is you had to have asserted the waiver in the district court. Yes, and I believe we did, Your Honor. Okay. So your argument is that you asserted the waiver in the district court and you re-waived that complete waiver on a limited basis as the court actually implemented it. In other words, just vacating the sentence on the 922G. Correct, Your Honor. We chose to assert it against the challenge. And your argument is now the question is whether the relief was appropriate or should have included vacation of the entire judgment. And you say, well, that's essentially correct, Your Honor. I think in the district court, what we said was, and it may have been the fortuity of the way it was raised, but what we said was we aren't going to assert our waiver as to the challenge to the conviction and the sentence for the count three. But we do assert the waiver as to his request for a resentencing hearing. So I do believe we raised it below. And I do believe we're entitled to press it today. It seems to me this case has a lot of procedural issues relating to a resentencing that, my guess, the district court has the discretion to enter a sentence consistent with what it ended up being anyway. Yes, I believe the district court would have discretion to do that. But under the sentence packaging doctrine, he at least should exercise that discretion, wouldn't he? Have the discretion to make that judgment. The district court would have discretion to make that judgment. But that, I don't, I don't quarrel with that. I understand the defendant's discretion because it didn't use the term sentence package doctrine. But the defendant before the district court never asked the court to exercise discretion. Never went through the possible remedies if it rejected his legal arguments. It used the word entitled. That's what the defendant argued. I am entitled. Page one. As petitioner's guideline calculations in criminal history were derived from the 922G conviction, he is entitled to be resentenced under the guidelines. The reply brief. Petitioner is entitled to be sentenced upon the crimes for which he was properly convicted. The district court reasonably interpreted that as saying, look, I'm entitled to because of the errors in this sentence. And then when the defense brief went on to discuss waiver, procedural default, those addresses this specific argument, court's order. Petitioner further contends in the light of sentence he is entitled to be resentenced as to the remaining counts and then goes through and rejects the defendant's arguments about procedural default. So the reason the district court didn't discuss the sentence package doctrine is because nobody asked him to discuss, the court to discuss the sentence package doctrine. That's not a misunderstanding of the law. That's focusing on the issues actually presented. But it does seem to be evidence in the record that the court was laboring under a misunderstanding of what his discretion was. It has discretion, but that's the whole idea. For example, in many cases we talk about it's sentencing. It's not that you have to do it, but when there's indication in the record that you thought you could not do it, that's procedural error. I don't believe there's any indication in the record that the district court thought it could not do it. The order is no more silent about that issue than the order in Haddon and Pickett and Brown and Groves specifically addressed this issue. It's an unpublished opinion, but it held the defendant made a very similar argument. Well, the district court didn't say anything about this. And silence is not a misunderstanding of the authority to resentence under the sentence package doctrine. The defendant had, the court had in front of it the decisions and the arguments made by the district court. And there's no reason to believe that the district court misunderstood them. Is your argument, so I'm sure I understand what you're saying, is your argument with regard to the sentencing package doctrine as advanced by the defendant in this case that in effect they waived it because they didn't present it to the district court? I don't think they waived it, but it would be subject to plain error review. But more, even on the merits, I think it's a relevant issue what the district court it's relevant what the defendant presented to the district court because it provides the context for the district court's order. The district court didn't say sentence package doctrine because the defendant never asked the court to apply the sentence package doctrine. Well, I thought the defendant did ask for a sentence in the aggregate arguing, which is sort of a sentencing packaging argument that the 922G factored into the calculations. It might be. But the way I construe it is maybe the district court was acting within the scope of your waiver and said I have to recognize the waiver. I can't go beyond the scope of your waiver, which is only to resentence and accepted that notion and struck that sentence. And that question is where does that leave us if the court did that? I think the court did do that. I think it's on page well, maybe I'll get it wrong. But the court did say that the United States is asserting the waiver as to the I can say I don't think that we understood the defendant to be making a sentencing package doctrine argument or asking the court to exercise discretion. But even if it did, let's assume it even used the words. Sure. The question is if the district court said, well, I'm not going to apply, even though I normally have discretion, I'm not going to apply the sentencing packaging doctrine in this case because the scope of the government's waiver doesn't include it. The government is only conceding 922G and the sentence on it. And I'm going to concede that. And the defendant now appeals and said the court couldn't have done that. What's your answer to that? Your Honor, I think that probably is a, that would be an acceptable decision because the United States has discretion as to how the defendant knowingly and voluntarily entered into that waiver. The United States has discretion the extent to which to put it. And we did put it to the court in terms of we assert the waiver as to any challenge. That appears to be what the district court said at page 141 in the first paragraph of section C. And what Judge DeMar said is exactly what the court did. It said. So I'm assuming that your position would be that the assertion of the waiver abrogates what would otherwise be available discretion. Maybe that's not your position, but that's sort of what I understood the implication of your argument to be. I think that's probably correct in response to Judge Niemeyer's question. I do also believe that the district court fairly responded to the defendant's arguments on those terms. The district court was not asked on 141, for example, what the district court says is petitioner further consents in light of sentence, he is entitled to be resentenced. The problem Mr. Enright, it doesn't seem like it's not a matter of what the defendant asked for as it is the impact on what the government urged. In terms of what you just said, you said the government has broad discretion. Apparently, as Judge Niemeyer read in the records, absolutely right. It was convinced that that discretion as to parsing out waiver limited what otherwise would be in the breast of the court as discretion in the package deal or whatever you want to call it. You can't surmount or usurp the district court's power in that regard merely because you have somehow parsed out what you call a waiver. You're arguing what they argued and saying it mirrored addressing their arguments. The problem is that it accepted your argument that you had given a limited waiver and therefore, Judge, you are therefore limited. And it's clear that the court did and you conceded the court agreed with that. But that's the problem or the issue here. Your Honor, I'm sorry if I'm, maybe I'm being unclear. No, you were very clear. I actually don't read this opinion as saying that our waiver applies to foreclose the district court's discretion. Well, you have to, don't you? In other words, otherwise the district court, you would have to be contending the district court overlooked the fact it had the discretion. It seemed to me your argument has to be my waiver, our waiver, government's waiver, applies to the discretion to resentence the entire, under the packaging doctrine. We're not agreeable to that. If the court won't agree to that, we're going to assert our waiver completely. We are waiving our waiver to the extent the court will eliminate the sentence and the conviction on 922G only. Now, the court bought into that. The question is if you explicitly said, let's just change the facts a little bit, my hypothetical to sharpen it up a little. If you said, Judge, I recognize the total sentencing packaging doctrine. We do not want that to apply in this case. We don't want to resentence him. We think he's innocent of 922G and we are agreeable to letting you vacate that and the sentence attached to that. But our waiver does not go further to allow you to exercise your discretion. If you feel you have to exercise your discretion, we're going to assert our full waiver. Now, if that were so and the court said, okay, I'm going to follow the government's, stay within the scope of the government's waiver and just did 922G in the sentence. The defendant comes up and now says that was error. I want to ask your colleague whether that would be error, but what's your response to that? I don't believe that would be error. However, I believe that the district court didn't go that far. What do you think the district court did? Let's assume, I know it's hard to assume because it might change all the facts, but let's assume instead of using the words in the aggregate or whatever, the defendant argued for a new sentencing entirely because the 922 factored into it, which is sort of a little bit like the packaging doctrine, or at least the reason for it. But let's assume the defendant simply said we invoke the sentencing packaging doctrine. And the court says I'm not going to apply it because to do so would violate the waiver and then I have to honor the government's waiver. So I'm going to stay within the scope of the waiver and adjudicate this way. Would that be error? I don't believe that would be error. I believe that would be an acceptable thing for the district court to do. I do see, by the way, Your Honor, my time is up. Does that have to be your position? Because otherwise I don't understand what the waiver applies to. Your Honor, our waiver applies to any argument the defendant is making challenging his sentence and conviction on Council 1 and 2. And why I don't think... Well, your total waiver is fine. It covers everything. Yes. But the question is what's the scope of your release of that waiver? In other words, you waived part of that waiver. Yes. And you your waiver, that waiver insisted that the defendant be given relief only with respect to the conviction and sentence on 923G and not under any packaging doctrine. Yes, Your Honor. And the court complied with that. And the question is was that error for the court to comply with it, to yield to that waiver on your part? Waiver of a waiver. I do not believe that it would have been. I want to point the court, though, to page 137 of the Joint Appendix, which is the court's the first page of the court's order. It identifies two claims. The court determined that Petitioner has asserted a Pierce-Simmons claim challenging his 922G conviction, contending that such conviction was predicated on a now non-qualifying North Carolina offense. As a second contention, it was determined that Petitioner, having been sentenced as a career offender and an armed career offender, raised a 4B1.1 claim under Simmons. This is as to his remaining convictions, contending that because his prior state court convictions were not punishable by a term of imprisonment, they do not qualify for purposes of the career offender provision of the guidelines. So the district court identified two different claims. One's limited to 922G and the sentence for that 922G, and the other focusing only on the remaining two convictions and the sentences for that. The court did that because that's how it was framed by the defendant. The defendant said there are errors in those remaining sentences. Those errors are cognizable and they're not untimely and they're not procedurally defaulted. This court can correct those. I am entitled to have those errors corrected and be resentenced. And what I think the district court did was applied the waiver to the first claim. And that's how we asserted it. And we said we are asserting the waiver, or our waiver. The district court held that, and we asserted that we were not asserting the waiver as to that second claim. And I believe that's a reasonable interpretation of the defense arguments, and it doesn't betray any misunderstanding of the law or the sentence package doctrine. That said, if the court reads it as the defendant waived any challenge to the remaining counts for their sentence, and I'm going to honor that statement, I think that would not be an error by the district court. The court seems to say based on petitioner showing and the government's concession, this is page 141, the court will vacate the conviction count 3 set-aside sentence. Yes, Your Honor. That count of conviction. And then turns in the second section to the remaining counts of conviction in the remaining sentence. And that discussion says, frames it as an argument that he's entitled to your sentence because there's errors in it. I think I understand your argument. I'm sorry, you do? I just said I think I understand your position. Thank you, Your Honor. If the court has no further questions, I can't say I will yield the balance of my time back to the court, but I will ask that you affirm the district court's judgment. Thank you, Counsel. Ms. Hester, you have some time reserved. Before you begin, can I pose that same question to you? And the question is this. If the government said, we recognize the government, the sentencing and the packaging doctrine, and we have a waiver for everything that covers everything, but we're willing to waive our waiver to the extent the court is willing to dismiss count 922G and the sentence, the limited sentence attributable thereon. And the government says we're not willing to waive our waiver with respect to any discretion as to reopening the rest of the sentence. The court acts accordingly and you appeal now saying the court shouldn't have done that. What's your position? Did the court err? Yes, because it doesn't matter how the government tried to cabin their waiver of the waiver because by operation of law, the claim challenging the 922G conviction is outside the scope of the waiver. We have a waiver that covers all of that, packaging doctrine, resentencing, everything. But we're willing, for whatever reasons they give, in the interest of justice or whatever, they distinguish between 922G, which is the elements of the offense, as opposed to sentencing elements, which is a different issue. So they say with respect to 922G, we want to waive only as to that and only as to the precise sentence. We are not willing to waive to the extent the court has a discretion to go beyond that. Now, it seems to me it has the power to limit its waiver. It can decide to define its scope of waiver. The question then, is it error for the court to operate within the scope of that waiver or is the court empowered to expand the waiver or do something else? In other words, I'm trying to understand what your position is if that's what the record shows. Okay. So first of all, as I said before, I don't think the government can limit it in that way because of the Adams case saying that an actual innocence claim is outside the scope of the waiver. I think that encompasses any kind of relief that the court might be empowered to order upon granting the 2255 motion. But second, even if that weren't true... Did Adams go to any type of collateral relief? I think Adams was a 2255. Right, but... No, it did not. No, it didn't talk about the sentence. But my second point is that even if the operation of law outside the waiver provision didn't apply and your hypothetical doesn't apply here because the government did not... It may or may not be hypothetical. It depends how we read the record. I've looked at it a couple of times. The government was quite vague in its response about what it was waiving. But it did say that it consented to relief. Actually, it wasn't totally because it couched its waiver in terms of the defendant's arguments, challenges. And the defendant challenged saying we do not want to use prior North Carolina convictions as elements of the offense under 922G and as enhancing elements under the others. The government says we don't agree with respect to the enhancing elements. The guidelines have different rules with respect to Simmons. And so we'll waive on the actual innocence claim. But we're not going to waive reopening the other if the court has discretion there. Now, it seems to me it can define that as its waiver. It may be that the court would say in the interest of justice I am not going to accept that. Either you're going to waive the whole thing or not. But the real question is did it err in agreeing to stay cabined to the waiver? Because your argument is the court should have expanded the waiver under Adams, I gather. Well, my argument is twofold. First of all, I don't think that the government did cabin its waiver in that fashion. But if it did, by operation of law it couldn't have. You say it could not have? It could not have by operation of law. It didn't have to waive it all? It didn't have to waive it all. It didn't have to waive it all by operation of law. This claim was outside the scope of the waiver, regardless of what they said. It was outside the scope of the waiver. But I need to point out another thing. That might be your best argument then. It seems to me that you have to honor a waiver to the extent it goes, but then posit the fact that the government says, okay, we're not going to waive. Right, you can narrow it because in the sense that Judge Niemeyer's hypothetical or counterfactual as you will call it, deals with when you're dependent solely on waiver to get there. But here what you're saying on Adams, I don't need that. So maybe it might work in a scenario like that, but you don't need it here. That's exactly what I'm saying. That's a stronger argument and you don't have to get out into the atmosphere. We don't even have to talk about what they tried to do because by operation of law it's outside the scope of the waiver. But I need to point out one other thing about the record because I think the court is operating under a misunderstanding about what the district court, why the district court decided not to re-sentence him on those claims. The court mentions the waiver, but it doesn't go into any discussion about the waiver. Its discussion about its reasons for denying the re-sentence are purely the statute of limitations and cognizability. It doesn't go through any discussion about whether the waiver was voluntary or knowing or any of the things that a court would do in order to enforce a waiver. So it's pretty clear from the record on 141 through 143 that the court actually was not relying on the waiver. Now, if we conclude that the statute of limitations is run, does the waiver issue come up at all? It ends it, doesn't it? No. The statute of limitations, no. Because the government expressly waived the statute of limitations with respect to the 922G claim. And that's the claim that the court granted relief on. So the statute of limitations has no play here. None whatsoever. That water is going on way past the bridge there. Yes, that is water under the bridge. All right. Thank you. Thank you. Thank you, counsel. All right. We'll come down to the council and proceed to our final case for today.
judges: Roger L. Gregory, Paul V. Niemeyer, G. Steven Agee